17-1439-cv
*Clark v. Companion Life Insurance*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of February, two thousand eighteen.

PRESENT:
>> DEBRA ANN LIVINGSTON,
>> GUIDO CALABRESI,
>>> *Circuit Judges*,
>> EDGARDO RAMOS,
>>> *District Judge*.*

_____

ESTATE OF LARRY W. CLARK, KIM O. CLARK,

>> *Plaintiffs-Appellants*,

>> v.                                                                                              17-1439-cv

COMPANION LIFE INSURANCE COMPANY, a wholly owned subsidiary of Mutual of Omaha Insurance Company,

>> *Defendant-Appellee*.

_____

For Plaintiffs-Appellants:          ZACHARY M. MATTISON (Kevin R. Van Duser, *on the brief*), Sugarman Law Firm, LLP, Syracuse, New York.

_____

* Judge Edgardo Ramos, of the United States District Court for the Southern District of New York, sitting by designation.

For Defendant-Appellee:                    FALLYN B. CAVALIERI, Gerber Ciano Kelly
                                           Brady LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Sannes, *J.*) entered March 28, 2017.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants Estate of Larry W. Clark and Kim O. Clark (collectively, the "Clarks") appeal from a March 28, 2017 judgment of the United States District Court for the Northern District of New York granting Defendant-Appellee Companion Life Insurance Company's ("Companion") motion for summary judgment and denying the Clarks' motion for summary judgment. The Clarks' claims arise out of a life insurance contract sold by Companion to Kim O. Clark's ("Ms. Clark") late husband, Larry W. Clark ("Mr. Clark"), which named Ms. Clark as the contract's beneficiary. On appeal, the Clarks seek to collect on the contract's $250,000 death benefit and Companion counters that the Clarks' breach of contract claim must fail because the policy lapsed and was no longer in force at the time of Mr. Clark's death. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's grant of summary judgment, "construing all the evidence in the light most favorable to the non-movant and drawing all reasonable inferences in that party's favor." *McBride v. BIC Consumer Prod. Mfg. Co.*, 583 F.3d 92, 96 (2d Cir. 2009). We affirm only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The non-moving party may not rely on

2

conclusory allegations or unsubstantiated speculation." *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998) (citation omitted). "Where, as here, there are cross-motions for summary judgment, 'each party's motion must be examined on its own merits, and in each case all reasonable inferences must be drawn against the party whose motion is under consideration.'" *Lumbermens Mut. Cas. Co. v. RGIS Inventory Specialists, LLC*, 628 F.3d 46, 51 (2d Cir. 2010) (quoting *Morales v. Quintel Entm't, Inc.,* 249 F.3d 115, 121 (2d Cir. 2001)).

The life insurance policy was executed in New York and the parties agree that New York law governs this diversity contract dispute. "In New York, if a contract is straightforward and unambiguous, its interpretation presents a question of law for the court to be made without resort to extrinsic evidence." *Postlewaite v. McGraw-Hill, Inc.*, 411 F.3d 63, 67 (2d Cir. 2005) (citation and internal quotation marks omitted)). "Language whose meaning is otherwise plain does not become ambiguous merely because the parties urge different interpretations in the litigation." *Hunt Ltd. v. Lifschultz Fast Freight, Inc.*, 889 F.2d 1274, 1277 (2d Cir. 1989). There is no ambiguity where one party's proffered interpretation "would 'strain[] the contract language beyond its reasonable and ordinary meaning.'" *Id.* (quoting *Bethlehem Steel Co. v. Turner Constr. Co.*, 2 N.Y.2d 456, 459 (1957)).

Upon review, we conclude that the district court properly granted Companion's motion for summary judgment. We affirm for substantially the reasons stated in the district court's thorough and well-reasoned March 27, 2017 memorandum-decision and order. In particular, we discern no error in the district court's determinations that the Clarks "failed to raise an issue of fact to show 'it was not reasonably possible [for Mr. Clark] to give timely notice' of disability," S.A. 13, and "failed to raise an issue of fact to show 'it was not reasonably possible [for Mr. Clark] to

3

furnish timely proof' of disability," *id.* at 14.   Nothing in the record indicates that Mr. Clark failed to submit timely notice and proof of his disability because he was somehow incapacitated.   And there is no basis for the Clarks' suggestion that a finding of *statutory* disability by the Social Security Administration ("SSA") was a prerequisite to Mr. Clark pursuing, pursuant to his agreement with Companion, his private, *contractual* disability claim.   *Compare* J.A. 118 (contractual definition of "disability" under Mr. Clark's agreement with Companion, which makes no reference to a finding of statutory disability by the SSA), *with* 42 U.S.C. § 423(d)(1)(A) (statutory definition of "disability" in SSA proceedings); *see also Kunstenaar v. Conn. Gen. Life Ins. Co.*, 902 F.2d 181, 184 (2d Cir. 1990) ("The term 'disability' has a variety of meanings, depending on the context in which it is used. . . .  Statutory definitions such as these are not binding [on a private insurer]."   (citations to various statutory definitions of "disability" omitted)); *Messina v. Blue Cross & Blue Shield Ass'n*, No. 3:03-CV-338 (NAM), 2005 WL 2346085, at \*4 (N.D.N.Y. Sept. 23, 2005) ("Indeed, the definition of 'totally disabled' as advanced by plaintiff and accepted apparently by the Social Security Administration may be entirely different than the one utilized by defendant in reviewing claims under its private insurance plan.").

Nor does Mr. Clark's own conduct suggest that it would have been reasonable for him to believe that an SSA finding of statutory disability was necessary to pursue his contractual disability claim.   Indeed, it is telling that,

> in June 2004, Mr. Clark requested and received from [Companion] the forms necessary to provide proof of disability, which included an Application for Disability Benefit, along with forms to be completed by the insured, the insured's doctor, and the insured's employer.   The forms did not reference any requisite finding of disability by the Social Security Administration.

S.A. 14 (internal citations omitted).   The forms contained merely a lone, passing reference to the

4

SSA on one page and instead included, among other papers, a simple page to be completed by the insured's physician.   Upon receiving these forms, it was not reasonable for Mr. Clark to believe that an SSA finding of statutory disability was needed to pursue his contractual disability claim. Thus, the district court did not err in awarding Companion summary judgment on the Clarks' breach of contract claim.

We have considered all of the Clarks' remaining arguments and find them to be abandoned or without merit.[1]   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] In their Complaint, the Clarks also sought, pursuant to Georgia state law, a declaratory judgment and attorneys' fees, costs, and expenses.   The Clarks did not address these claims in their briefing below and have not pressed them on appeal.   We therefore conclude that the Clarks have abandoned these claims.   *See* Fed. R. App. P. 28(a)(8)(A) (specifying that an appellant's brief must include "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"); *Bozeman v. United States*, 780 F.2d 198, 199 n.4 (2d Cir. 1985) (noting that where a party "did not raise or brief that issue in this appeal . . . we therefore treat that claim as abandoned").

5